## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**ISAAC A. POTTER, JR.,**                 )
                                          )
                    **Plaintiff,**        )
                                          )
            **v.**                        )            **Civil Action No. 10-2085 (JEB)**
                                          )
**TOEI ANIMATION INCORPORATED,** *et al.,* )
                                          )
                    **Defendants.**       )
_____  )


## <u>MEMORANDUM OPINION</u>

*Pro se* Plaintiff Isaac A. Potter, Jr. has brought yet another action related to his purported

intellectual property rights with respect to something entitled "Zodiac Knights 2000" or "Knights

of the Zodiac."  The Complaint, which is largely incomprehensible, names as Defendants Toei

Animation Incorporated and the United States.  Both Defendants have now filed Motions to

Dismiss.  As Plaintiff never responds to their arguments, as the Complaint fails to sufficiently

plead any actual cause of action, and as claim preclusion bars his copyright cause of action

against the United States, the Court will grant the Motions.  It will also deny the slew of motions

Plaintiff has filed


### I.    **Background**

As best the Court can decipher, the Complaint here raises several distinct claims.  Most

centrally, Plaintiff seeks, "[p]ursuant to 35 U.S.C. [§] 283 . . .  injunctive relief prohibiting all

defendants from further infringement of copyright and trademark . . . ."  Compl. at 3 (using ECF

page numbers, not Plaintiff's labeled page numbers.).  He also asserts ostensible causes of action

for a violation of §§ 337(e) or (f) of the Tariff Act of 1930, <u>see</u> <u>id.</u> at 2, and "a clear violation under section 1001 of Title 18 of the United States Code . . . ." <u>Id.</u> at 9.  He demands injunctive relief, "damages and all other remedies at law and in equity," and punitive damages of $1 billion. <u>Id.</u> at 3.

This civil action is far from Plaintiff's first effort to seek relief for alleged copyright and trademark infringement.  In fact, he has filed at least <u>eleven</u> federal actions in different courts in the last seven years in relation to these same copyright and trademark claims.  <u>See, e.g.,</u> <u>Potter v. Cartoon Network</u>, No. 05-cv-0868 (M.D. Fla.); <u>Potter v. United States</u>, No. 10-cv-0346 (Fed. Cl.); <u>Potter v. Cartoon Network, LP</u>, No. 06-cv-2076 (N.D. Ga.).  Indeed, Plaintiff even attaches an Order from the third case to his Complaint.  <u>See</u> Compl., Exh. 1 (Order & Op. in No. 06-2076).  Opinions from some of these cases make somewhat clearer the gravamen of Plaintiff's claim.  It appears Plaintiff obtained copyright protection for drawings entitled "Zodiac Knights 2000," and that at some point the Cartoon Network aired a series entitled "Knights of the Zodiac," which he believes infringed on his copyright. <u>Id.</u> at 1-2; <u>see also</u> <u>Potter v. United States</u>, 424 Fed. Appx. 941 (Fed. Cir. 2011).

Both Toei and the United States have now filed Motions to Dismiss, which the Court will address in turn, following which it will discuss the series of other motions Plaintiff has filed during the pendency of the case.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted."  In evaluating Defendants' Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" <u>Sparrow</u>

v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  The notice pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he must thus be given every favorable inference that may be drawn from the allegations of fact.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, id. at 555, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The Court need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint.  Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)).  Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), but it, too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'"  Atherton v. District of Columbia Office of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

### III.    Analysis

#### A.  Toei's Motion to Dismiss

Toei moves to dismiss the Complaint under Rule 12(b)(6) on the ground that it fails to state claims for trademark infringement, copyright infringement, Tariff Act violations, or § 1001 violations upon which relief can be granted.  Alternatively, "even if [the plaintiff's] claims were sufficiently pled," Toei argues that the claims are barred under the doctrine of collateral estoppel. Toei Mot. at 11.  Toei is clearly correct on the first point.

In opposing Toei's Motion, Plaintiff filed a two-page pleading styled "Plaintiff's Motion to Set Aside Defendant's Toei Animation's Motion to Dismiss Complaint, Quasi In Rem Jurisdiction, SCR-Civil Rule 55(a) Default Judgment, Alter-Ego Rule Law ('Pl.'s Opp. to Toei Mot.')."  Aside from its recitation of the standard of review on a Rule 12(b)(6) motion, <u>see</u> <u>id.</u> at 1, no other statement appears to be relevant or responsive to the arguments presented in Toei's Motion.  It is Plaintiff's obligation to articulate his arguments; the Court should not be left to divine the significance of his discussion of "alter egos" and "piercing the corporate veil," <u>see</u> <u>id.</u> at 2, or his attachments.  <u>See</u> <u>id.</u>, Exh. (Letter from Roberta S. Bren to the Commissioner of Trademarks dated December 20, 2002, and attachments).

In the District of Columbia Circuit, it is established that an argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded.  <u>Rosenblatt v. Fenty</u>, 734 F. Supp. 2d 21, 22 (D.D.C. 2010); <u>see</u> <u>Buggs v. Powell</u>, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (citing <u>Fed. Deposit Ins. Corp. v. Bender</u>, 127 F.3d 58, 67-68 (D.C. Cir. 1997)) ("when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, the court may treat those arguments that the plaintiff failed to

address as conceded"). Plaintiff's failure to address Toei's arguments permits the Court to grant

its Motion as conceded.

Granting Plaintiff some leeway, even were the Court to consider the merits of the Motion,

Plaintiff still could not prevail because he has failed to state a claim upon which relief may be

granted. In order to state a claim of trademark infringement, a plaintiff must allege that he owns

a valid trademark, that it is distinctive or has acquired a secondary meaning, and that there is a

likelihood of confusion. See, e.g., Sears, Roebuck & Co. v. Sears Fin. Network, 576 F. Supp.

857, 862 (D.D.C. 1983). A copyright-infringement claim must allege the existence of specific

works subject to the copyright claim, that the copyrights are registered, and the acts and time

period during which the defendant allegedly infringed the copyright. See, e.g., Newborn v.

Yahoo!, Inc., 391 F. Supp. 2d 181, 190 n.8 (D.D.C. 2005). Plaintiff never comes close to

pleading these elements. He "alleges the complaint is based upon the infringement of a federally

registered copyright and trademark (federal and state of Indiana registered)," Compl. at 8, and he

alleges "substantial investment in the exploitation of the subject copyright and trademark

(Knights of the Zodiac) and or (Zodiac Knights 2000), id. at 9, and he "alleges Roberta Bren

willfully infringed a federally registered trademark (in its 5th year 1997-2002) and copyright (in

its 7th year 1995 to 2010)." Id. at 11. In other words, his trademark claim never asserts anything

about a distinctive or secondary meaning or mentions a likelihood of confusion. Similarly, the

only alleged violator of his copyright appears to be Roberta Bren, not Toei. These two causes of

action are thus insufficient.

As to Plaintiff's claims under the Tariff Act of 1930, such statute does not provide for a

private right of action. See Mugworld, Inc. v. G.G. Marck & Associates, Inc., 563 F. Supp. 2d

659, 666 (E.D. Tex. 2007). If Plaintiff wishes to seek relief for violations of section 337 of the

Act, 19 U.S.C. § 1337, which pertains to unfair importation practices, he must first file a

complaint with the International Trade Commission.  See Ansell Healthcare Prod. LLC v.

Tillotson Corp., 567 F. Supp. 2d 196, 199 n.1 (D.D.C. 2008) (§ 1337 "authorize[s] complaints to

be filed with the ITC for investigation into alleged unfair practices in import trade").  The ITC

then determines whether or not there is a violation; once a determination has been made, a

person may appeal such determination to the Court of Appeals for the Federal Circuit for review.

Allied Corp. v. U.S. Int'l Trade Comm'n, 850 F.2d 1573, 1577 (Fed. Cir. 1988).  The Federal

Circuit court has "exclusive jurisdiction" over final determinations of the ITC relating to claims

of unfair practices in the import trade made under section 337.  Enercon GmbH v. Int'l Trade

Comm'n, 151 F.3d 1376, 1380 (Fed. Cir. 1998).  Plaintiff's claim under the Tariff Act thus

cannot survive.

Finally, to the extent Plaintiff is seeking to bring a cause of action under the criminal

statute, 18 U.S.C. § 1001, it provides no private civil right of action.  See, e.g., Slewton v.

Venema, 2011 WL 913188, at *2 (3d Cir. 2011) (no private cause of action under § 1001, a

criminal statute).

Toei's argument regarding issue preclusion is thornier.  On June 13, 2005, Plaintiff sued

Toei in the Middle District of Florida, Case No. 05-866.  He made the same allegations of

copyright and trademark infringement regarding Knights of the Zodiac.  See Potter v. Toei

Animation Co. Ltd., 05-cv-866 (M.D. Fla.), ECF No. 1 (Complaint).  When Plaintiff failed to

respond to Court orders, the case was dismissed without prejudice on July 12, 2005.  See id.,

ECF No. 8 (Order).  Dissatisfied, he and his brother then brought an action in Magistrate Court

in Fulton County, Georgia, in July 2006, which was then removed to the Northern District of

Georgia.  The Amended Complaint in that action named the Cartoon Network as a defendant and

made the same claims: "This is a civil action for infringement of a registered copyright . . . [for] 'Zodiac Knights 2000.'"  See Case No. 06-cv-2076, Potter v. Cartoon Network (N.D. Ga.), ECF No. 5 (Amended Complaint) at 2.  In fact, Plaintiffs mentioned Toei as an entity that had improperly used Zodiac Knights, id., "Statement of Facts" at 2, and they also "allege[] that Toei Animation CO, Ltd, . . . continues to violate the Trademark Act."  Id. at 3.  Indeed, while Toei is not a named defendant in that action, Plaintiffs listed causes of action for Fraud, Copyright Infringement, Trademark Infringement, and Civil Conspiracy against Toei specifically.  Id. at 3-5.

After lengthy litigation, the Court, in dismissing the case, noted, "This case has been ongoing for almost two years, and plaintiffs have done nothing to move the case forward. Plaintiffs have failed to comply with discovery obligations, ignored the Court's Order, and have failed to prosecute their claims."  ECF No. 50 (Order of Aug. 29, 2008) at 11.  The Court concluded that it "will not allow plaintiffs to waste any more of defendant's or this Court's time or resources."  Id. at 11-12.

Although it would certainly seem proper for the doctrine of issue preclusion to apply here, the Court thinks that unlikely.  Issue preclusion requires three elements: first, "the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case"; second, "the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case"; and third, "preclusion in the second case must not work a basic unfairness to the party bound by the first determination." Martin v. DOJ, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting Yamaha Corp., 961 F.2d at 254) (internal quotation marks omitted).  Unlike claim preclusion, "issue preclusion does not require

mutuality of parties." Gov't of Rwanda v. Johnson, 409 F.3d 368, 374 (D.C. Cir. 2005) (citing

Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313 (1971)).

The difficulty here is with the second prong – namely, has this issue actually and

necessarily been determined?  As Toei honorably points out, claim and issue preclusion differ in

their treatment of whether dismissals for, *e.g.*, discovery sanctions have preclusive effect.  See

Toei Mot. at 13 (citing Johns v. Rozet, 770 F. Supp. 11, 16 n.4 (D.D.C. 1991), for proposition

that "in the case of penalty dismissals . . . the dismissal does not actually adjudicate any issues

and does not support issue preclusion" (citation omitted)).   The Court here will not take a

contrary position.

In any event, a determination of Toei's issue-preclusion argument is unnecessary here

since Plaintiff's failure to dispute Toei's arguments on the merits and his failure to sufficiently

plead any of his causes of action doom his case.  The Court will thus grant Toei's Motion.

B. United States's Motion to Dismiss

The United States, too, moves to dismiss under Rule 12(b)(6), also arguing, *inter alia*,

that Plaintiff fails to state copyright, trademark, and Tariff Act claims upon which relief can be

granted, that the doctrine of *res judicata* otherwise bars his claims, and that this Court has no

subject-matter jurisdiction over Plaintiff's copyright claims. For the most part, Plaintiff's

Opposition, styled "Plaintiff's Motion to Set Aside Defendant's Toei Animation's and the United

States Motion to Dismiss Complaint, Quasi In Rem Jurisdiction, SCR-Civil Rule 55(a) Default

Judgment, Alter-Ego Rule Law," fails to address the substantive arguments raised by the United

States.  For example, Plaintiff presents a brief discussion of a defendant's "special appearance"

in a suit "based on quasi in rem jurisdiction." Id. at 2.  Yet Plaintiff does, in a fashion, discuss

the question of subject-matter jurisdiction.

8

The Government points out that the United States Court of Federal Claims has exclusive jurisdiction over a copyright owner's infringement claim against the United States.  See U.S. Mot. at 7.  In support of its argument, it relies on the following statutory provision:

> [W]henever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States . . . , the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims for the recovery of his reasonable and entire compensation as damages for such infringement.

28 U.S.C. § 1498(b); see O'Rourke v. Smithsonian Inst. Press, 399 F.3d 113, 122-23 (2d Cir. 2005); Leonardo v. United States, 55 Fed. Cl. 344, 347 (Fed. Cl. 2003).

Plaintiff responds that this federal district court may hear a claim of copyright infringement "under the same circumstances that would cause a case under state law to come before a federal court."  Pl. Opp. to U.S. Mot. at 6 (ECF page number).   Further, he points to federal prosecutors' duty to litigate matters "for criminal penalties" and notes that "the prosecutor has committed fraud on the courts and neglected to investigate section 506, actions that rise to criminal misdemeanor charges."  Id.  Although these may be considered responses – and not concessions – the Court can make neither head nor tail of them.  To the extent Plaintiff is unhappy about decisions by the Court of Federal Claims, he must appeal them to the United States Court of Appeals for the Federal Circuit.  See 28 U.S.C. § 1295(a)(1).  As to the Government's  arguments concerning his other causes of action, Plaintiff has apparently conceded their accuracy.

Even if he had not, his copyright claim is also barred by claim preclusion.  On June 4, 2010, Plaintiff sued the United States in the Court of Federal Claims, asserting "copyright infringement and trademark infringement."  Potter v. United States, 2010 WL 4774776, at *1

(Fed. Cl. 2010).  Once again, the basis for his suit was that he "possesses a valid copyright and trademark in a creation titled 'Zodiac Knights 2000,' which is described in attachments to the complaint as drawings for use in media, games, and toys."  Id. (footnote omitted).  (Of note, he also asserted claims against Toei in that suit, although it was not named as a defendant.  Id.)  The Court dismissed Plaintiff's trademark claims for lack of jurisdiction and his copyright claims with prejudice.  Id. at 4-5.  This decision was subsequently affirmed by the Federal Circuit. Potter v. United States, 424 Fed. Appx. 941 (Fed. Cir. 2011).

"A subsequent lawsuit is barred by claim preclusion 'if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'"  Natural Res. Def. Council v. EPA, 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006)).  Whether a case presents "the same cause of action turns on whether [the lawsuits] share the same nucleus of facts."  Apotex, Inc. v. FDA, 393 F.3d 210, 217 (D.C. Cir. 2004).  Each of these elements is present here with respect to the United States.

Even if Plaintiff's arguments differ somewhat from those presented previously, this would not allow him a second bite at the apple.  Claim preclusion "bars relitigation not only of matters determined in a previous litigation but also ones that a party could have raised."  NRDC v. Thomas, 838 F.2d 1224, 1252 (D.C. Cir. 1988) (emphasis added); see also Natural Res. Def. Council, 513 F.3d at 261("Claim preclusion is . . . intended 'to prevent litigation of matters that should have been raised in an earlier suit.'" (quoting SBC Commc'ns Inc. v. FCC, 407 F.3d 1223, 1230 (D.C. Cir. 2005)) (emphasis in original)).  Plaintiff's copyright claim is thus precluded.

To the extent Plaintiff is also asserting trademark, 18 U.S.C. § 1001, or Tariff Act claims against the United States, the Court has already explained why all those causes of action are deficient.  See Section III.A., *supra*.

The Court is aware that "[d]ismissal with prejudice is the exception, not the rule, in federal practice because it operates as a rejection of the plaintiff's claims on the merits and [ultimately] precludes further litigation of them."  Rudder v. Williams, 666 F.3d 790, 794 (D.C. Cir. 2012) (citation and internal quotations omitted; brackets in original).  Yet, here, preclusion of further litigation is precisely what should occur.  As stated earlier, Plaintiff has filed no fewer than eleven different lawsuits in federal courts alone over the past seven years in relation to these claims.  As Judge Julie Carnes in the Northern District of Georgia concluded in 2008: she "will not allow plaintiffs to waste any more of defendant's or this Court's time or resources."  Potter v. Cartoon Network (N.D. Ga.), ECF No. 50 at 11-12.  The same obtains here; finality must arrive at some point.  Dismissal will thus be with prejudice.

C.  Plaintiff's Motions

While Defendants' Motions to Dismiss have been pending, Plaintiff has himself filed a series of motions.  Some are largely unintelligible, and others are rendered moot by the Court's granting of Defendants' Motions.  None has any merit.

The one stand-alone Motion is Plaintiff's Motion for Recusal.  See ECF No. 22.  In this Motion, Plaintiff asks for "Judge James E. Boasberg['s] recusal with cause," among other forms of relief.  Id. at 1.  The basis is that U.S. Attorney Ronald Machen, Civil Division Chief Rudolph Contreras, and Judge Boasberg "are known associates, in the Superior Court."  Mot. at 2.  Even if such an allegation made sense, the Motion fails to contain an affidavit as required by 28 U.S.C. § 144 and thus must be denied.

Plaintiff's other Motions are: Motion for Bill of Review and Motion to Remand (ECF No. 7), Motion to Set Aside Motion to Dismiss by Toei (No. 13), Motion to Set Aside Motion to Dismiss by United States (No. 24), Motion for Reconsideration (No. 28) (which seems to ask this Court to reconsider decisions by other courts in earlier suits), Motion for Summary Judgment (No. 30), Motion for Summary Judgment (No. 33), Motion for Decision (No. 38), Motion for Decision on Motion (No. 41), Motion for Declaratory Judgment (No. 43), and Motion for Hearing (No. 47).  Many of these require a great deal of perspicacity to translate, but all are moot given the Court's granting of Defendants' Motions.

## IV.    Conclusion

The Court, accordingly, will issue a contemporaneous Order granting Defendants' Motions, denying Plaintiff's, and dismissing the case with prejudice.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  March 13, 2012